## CITY OF NEW ORLEANS v. GEORGE GUTH.

Defendant was sued for the cost of a license for keeping a beer-house, &c. He pleaded that he was protected by the statute which provides that " it shall not be lawful for any municipal corporation within this State, to levy any tax on persons engaged in selling articles of their own manufacture, manufactured within this State." *By the Court:* The evidence shows that the appellant keeps a beer-saloon, in which he retails, by the glass, beer of his own manufacture. His manufactory and saloon are both situated on the same lot. It appears to us that the immediate sale of beer from a manufactory, and the retail of it in a public saloon, form distinct branches of business, trade or occupation. We do not think it was the intention of the law-maker to exempt from taxation such articles thus retailed to carry on a public saloon. Hence, we conclude that the appellant, as keeper of a beer-house, or saloon, does not fall within the exemption of the statute.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Hiestand & Levy*, for plaintiff. *Phillips*, for defendant and appellant.

VOORHIES, J. The plaintiff brought this suit to recover from the defendant the following sums, to wit: $100 as the price of a license fixed by law for exercising or pursuing the trade or business of a beer-house keeper and bottler of malt liquor, and where no spirituous liquors are sold, for the year 1854; $105 as the price of a license for the same business for the ensuing year, and $100 as a penalty for his non-compliance with the provisions of the ordinance of the city.

There was judgment in favor of the plaintiff for the sum of $105, and the defendant appealed.

The appellant claims an exemption from the payment of this tax under the statute of 1853, which provides " that it shall not be lawful for any municipal corporation within this State, to levy any tax on persons engaged in selling articles of their own manufacture manufactured within this State. (Sess. Acts 1853, p. 135.)

The evidence shows that the appellant keeps a beer-saloon, in which he retails, by the glass, beer of his own manufacture. His manufactory and saloon are both situated on the same lot.

It appears to us that the immediate sale of beer from a manufactory, and the retail of it in a public saloon, form distinct branches of business, trade or occupation. We do not think it was the intention of the law-maker to exempt from taxation such articles thus retailed to carry on a public saloon. Hence, we conclude that the appellant, as keeper of a beer-house or saloon, does not fall under the exemption of the statute.

It is therefore ordered and decreed, that the judgment of the court below be affirmed with costs.